IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL COOK** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | NO.  14-5842 |
| **CITY OF PHILADELPHIA** | : | |

**KEARNEY, J.**                                                                                                          **July 15, 2015**

## MEMORANDUM

After plausibly pleading a claim for discrimination based on a "regarded as" theory of disability sufficient to withstand a motion to dismiss, a person denied the job, allegedly because of a perceived disability, must first adduce facts he is qualified for the job and the potential employer actually discriminated by not hiring him because it "regarded" him as disabled to then defeat a summary judgment motion.  When Pennsylvania law defines the job's psychological qualifications, the candidate must meet those qualifications and, absent genuine questions of fact or bias, this Court will rely upon a psychologist's evaluation finding the candidate not qualified. Unlike responding to a motion to dismiss, relying on plausible allegations will not meet the summary judgment burden. Plaintiff Michael Cook ("Cook") alleges the City of Philadelphia ("the City") failed to hire him as a Philadelphia Police Officer because it "regarded" him as disabled in violation of the Rehabilitation Act, 29 U.S.C. §701 *et seq.* ("RA").[1] After we denied the City's motion to dismiss the RA claim and discovery, the City now moves for summary

---

[1]  By our March 2, 2015 Order and Memorandum, we dismissed Cook's claim under Title II of the American with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") (ECF Doc. Nos. 11, 12).

judgment. Based on undisputed facts and a paucity of proof from Cook, we grant the City's motion in the accompanying Order.

It is undisputed the City extended Cook a conditional offer of employment contingent upon his successful completion of medical and psychological evaluations. It is undisputed police officer certification requirements include a psychological examination finding the candidate "to be psychologically capable to exercise appropriate judgment or restraint in performing the duties of a police officer." It is undisputed the City's psychologist, based on her examination of Cook and in her professional opinion, found Cook "psychologically at risk for exercising appropriate judgment and restraint to be certified as a police officer in Pennsylvania."

Cook challenges the psychologist's findings, and then argues the City rejected him for the police force because it "regarded" him as having a mental impairment. Cook failed to adduce evidence sufficient for a jury to find the City "regarded" him as disabled and that he is qualified for the position of police officer; he fails to establish a *prima facie* case of discrimination. Even if he established a *prima facie* case, Cook failed to show –and did not address in his opposition to the City's motion – any evidence the City's decision is a pretext.

I. **Undisputed Factual Background**[2]

The material facts are largely undisputed. The City's Police Department is subject to the Municipal Police Education and Training Act, 53 Pa.C.S.A. §2161 *et seq.* ("the Act").[3] (SUF ¶¶

---

[2] The Court's Policies require that a Statement of Undisputed Material Facts ("SUF") be filed in support of a motion filed pursuant to Fed.R.Civ.P. 56. The City filed its SUF at ECF Doc. No. 23-1. Cook responded to the City's SUF and included additional facts he contends create a genuine issue of material fact at ECF Doc. No. 26-2 ("PSUF"). The party moving for summary judgment must also submit an appendix of exhibits or affidavits. The City's Appendix is filed at ECF Doc. Nos. 24-25. The responding party may submit additional exhibits, but Cook did not do so. References to the Appendix in this opinion shall be referred to as "App." followed by the Bates number.

[3] The Act created the Municipal Police Officers' Education and Training Commission ("MPOETC") which is tasked with establishing an education and training program for municipal police officers,

1-3.) Police officer certification requirements are defined in the Pennsylvania Administrative Code, 37 Pa. Code §203.11.

Cook applied to be a Philadelphia Police Officer in February 2012. (SUF ¶ 4.) On September 17, 2012, the City conditionally offered Cook employment contingent on his successful completion of medical and psychological evaluations. (SUF ¶¶ 5-7.) All municipal police officers are required to pass a psychological examination. (SUF ¶ 9.)

In early May 2013, Cook completed a "MMPI-2" examination, a written questionnaire, and an in-person psychological evaluation conducted by Dr. Nancy Rosenberg. (SUF ¶ 8.) Cook did not pass the psychological evaluation. (SUF ¶ 10.) On May 4, 2013, Dr. Rosenberg completed her report outlining the bases of her evaluation finding Cook psychologically unfit to be certified a police officer. (SUF ¶¶ 11-12; App. 115-133.)

On the "Psychological Evaluation Summary Sheet" included in her report, Dr. Rosenberg rated Cook on a scale from 1 to 5 in various categories.[4] (App. 130.) Dr. Rosenberg assigned a "1" rating in the category of "Resistance/Ability to deal with Stress/Pressure/Frustration." (*Id.*) In support of her recommendation, Dr. Rosenberg identified the following "primary psychological reasons for rejection:"

> "[I]nterview style was defensive, tight, rigid, undisclosing – an underlying [ ] of agitation. MMPI was borderline as well in terms of defensiveness. Hypersensitive to questions intended to tap negative qualities. Do not have a good sense of candidate. He described self as too opinionated at times but was not open to talking abt [sic] it in terms of how it may get in the way in terms of police work [and] team work."

---

including "minimum standards of physical fitness, psychological examination and education as prerequisites to employment as a police officer." 53 Pa.C.S.A. §2164(8); *see also* 37 Pa. Code. §203.11(a)(7) for qualifications relating to psychological capability.

[4]  A rating of "1" on the scale is the lowest score, indicating "unacceptable, problem of pathological proportions." The scale levels increase from "1" to the highest score of "5," indicating "very good, reflects strength in the areas related to essential job functions." (App. 130.)

(App. 131.)

In the "Interview and History" section of her report, Dr. Rosenberg found:

> "35 y/o male with defensive MMPI and defensive interview style. Rigid, tense respond[ing]. Not giving elaborated answers even when cued to. Undercurrent of agitation. Seemed hypersensitive. Described self as too opinionated at times. Little self insight into how that may effect [sic] police work and team work overall. Not comfortable with candidate."

(App. 132.)

On May 6, 2013, the City told Cook his application would no longer be considered based on the results of his psychological evaluation. (SUF ¶ 13; App. 134.)

## II. Analysis

The City moves for summary judgment on Cook's RA claim,[5] arguing he cannot establish a *prima facie* case of disability discrimination under the RA because he is not disabled and he is not qualified for the position of police officer. The City alternatively argues even if Cook established a *prima facie* case, he cannot show the City's legitimate non-discriminatory reason for its action is pretext.

### A. Summary judgment standard

Under the well-established standard governing summary judgment motions, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

---

[5] The RA provides:

> No otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

The RA "expressly makes the standards set forth [in the ADA] applicable to federal employers and to employers receiving federal funding." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The City does not dispute it receives federal funds.

material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Williams v. Wells Fargo Bank,* No. 14-2345, 2015 WL 1573745, at *3 (E.D. Pa. Apr. 9, 2015) (quoting *Wright v. Corning*, 679 F.3d 101, 105 (3d Cir. 2012)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

Where the defendant is the moving party, the burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements of its case. *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (citing *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). The court must consider the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ*., 470 F.3d 535, 538 (3d Cir.2006)). To prevail on a motion for summary judgment, however, "'the non-moving party must present more than a mere scintilla of evidence; 'there must be evidence on which the jury could reasonably find for the [non-movant].'" *Burton*, 707 F.3d at 425 (quoting *Jakimas v. Hoffmann–La Roche, Inc*., 485 F.3d 770, 777 (3d Cir. 2007) (alteration in original)); *see also Anderson*, 477 U.S. at 252.

### B. The *prima facie* case of discrimination under the RA

The burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies to RA disability claims.[6] *See Wishkin*, 476 F.3d at 185 (applying *McDonnell Douglas* to RA claims); *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000) (applying *McDonnell Douglas* to ADA claims). Under the familiar *McDonnell Douglas* framework, we first consider whether Cook can establish a *prima facie* case. To establish a *prima facie* case of discrimination under the RA, "a plaintiff must initially show, '(1) that [he] has a disability; (2) that [he] is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that [he] was nonetheless terminated or otherwise prevented from performing the job.'" *Wishkin*, 476 F.3d at 184-85 (quoting *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996)). If Cook adduces evidence of a *prima facie* case, the burden shifts to the City to articulate a legitimate, non-discriminatory reason for its action. If the City satisfies its burden, Cook must show that the City's stated reason is pretext.

#### *The City did not "regard" Cook as "disabled" under the RA*

Under the first prong of the *prima facie* case, Cook must show through evidence he is "disabled." An individual is "disabled" if he (1) has "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) "a record of such an impairment;" or (3) is "being regarded as having such an impairment." 42 U.S.C. § 12102(1). Cook does not allege he has a disability or a record of disability; he alleges only the City "regarded him as having a mental or psychological impairment and as handicapped or disabled

---

[6] The parties agree the same standards apply to an RA claim as an ADA claim. *See* 29 U.S.C. §794(d); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 208 (3d Cir. 2009); *Lekich v. Pawlowski*, 361 F.App'x 322, 326 (3d Cir. 2010).

within the meaning of the [RA] and discriminatorily rejected him for employment on that basis." (ECF Doc. No. 1, ¶17.)

The ADA defines "regarded as having such an impairment" as:

> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3)(A).[7]

The City asserts Cook has not met the first element of the *prima facie* case, arguing the record evidence demonstrates the City found him psychologically unfit for the position of police officer and there is no evidence it "regarded" Cook as having a mental impairment. (City's motion at 8 (ECF Doc. No. 23)).

Cook seeks to distinguish the City's position, arguing this case is more than a simple rejection of a candidate for the police force. Cook argues a more invidious reason; the City rejected him for its police force because it "identified him as having a 'problem of pathological proportions.' " (Cook's Opposition at 5, ECF Doc. No. 26-1.) Cook points to the "Psychological

---

[7] The regulations implementing the ADA, as amended by ADAAA, instruct:

> [A]n individual is 'regarded as having such an impairment' if the individual is subjected to a prohibited action because of an actual or perceived physical or mental impairment, whether or not that impairment substantially limits, or is perceived to substantially limit, a major life activity.

29 C.F.R. §1630.2(l)(1) (2015). Additionally, an individual is "regarded as having such an impairment:"

> any time a covered entity takes a prohibited action against the individual because of an actual or perceived impairment, even if the entity asserts or may or does ultimately establish, a defense to such action.

29 C.F.R. §1630.2(l)(2). Under the ADA, as amended by the ADA Amendments Act of 2008 ("ADAAA"), the definition of disability "shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A).

Evaluation Summary Sheet" where Dr. Rosenberg assigned a "1" rating in the category of "Resistance/Ability to deal with Stress/Pressure/Frustration." (App. 130.) A "1" rating equates to "unacceptable, problem of pathological proportions." (*Id.*) Cook argues if Dr. Rosenberg had not assigned a "1" rating to this category, he would have passed the psychological exam. Cook then concludes "the record thus shows" he "was rejected for the police force because he was found to be a person who had a 'problem of pathological proportions,' and failed the evaluation on the basis of that scoring determination." (Cook's opposition at 5, ECF Doc. No. 26-1.) Neither the case law nor the record supports Cook's argument.

Cook cites *Rubano v. Farrell Area School Dist.*, 991 F.Supp. 2d 678, 692 (W.D. Pa. 2014) to support his argument the ADAAA regulations define "mental impairment" as an "emotional or mental illness," and Dr. Rosenberg "concedes" a disability can be a pathology, equates pathology with disease, and "mental disorders" can be a "pathology." (PSUF ¶ 28.)[8] *Rubano* is distinguishable. In that case, the plaintiff alleged discrimination because his employer perceived him to be disabled from depression. The court found plaintiff's depression constituted a mental impairment, a "disability" under the ADA. *Rubano,* at 692. The court denied summary judgment to the employer, finding plaintiff raised a genuine issue of material fact as to whether his employer – who knew of plaintiff's depression – subjected him to prohibited actions because of his mental impairment. *Id.* at 692-93. *Rubano* is inapposite; there is no evidence the City

---

[8] Citing to *Rubano*, Cook asserts the City "applies the incorrect legal standard" to his RA "regarded" as claim because it cites to pre-ADAAA standards. After the ADAAA, a plaintiff proceeding under the "regarded as" prong of disability need not to show that his "impairment substantially limits, or is perceived to substantially limit, a major life activity." 29 C.F.R. §1630.2(l)(1); *Rubano*, 991 F.Supp. 2d at 691. The defendant in *Rubano* focused its argument on whether the plaintiff's impairment substantially limited a major life activity. This is not the issue here. The City does not attempt to inject the "substantially limits a major life activity" standard. The City's argument is Cook is not disabled and it did not "regard" Cook as disabled; rather, it properly determined Cook psychologically unfit for the position of police officer.

8

considered Cook "mentally impaired" based solely on Dr. Rosenberg's "1" rating in one assessment category.

Cook cites Dr. Rosenberg's testimony "a disability can be a pathology" and "an anxiety disorder can rise to the level of a disability and a pathology." (PSUF ¶¶ 28-29.) None of this, however, suggests Dr. Rosenberg "regarded" Cook as disabled. Cook ignores the undisputed fact the City extended Cook a conditional offer of employment as a police officer contingent on the successful completion of medical and psychological evaluations, requirements for the position of police officer. (SUF ¶¶ 5-7.) He did not pass the psychological evaluation. Dr. Rosenberg examined Cook and, in her professional opinion, found him psychologically unfit based on her observation Cook, *inter alia*, "was defensive, tight, rigid, undisclosing;" a "borderline" MMPI score "as well in terms of defensiveness;" "hypersensitive to questions intended to tap negative qualities;" "little self insight" into his self-described "too opinionated" and "how that may effect [sic] police work and team work overall;" an "undercurrent of agitation;" and "not giving elaborated answers even when cued to." (App. 130-132.)

This evidence does not support Cook's allegation that the City "regarded" him as disabled; rather it supports a finding the City found him psychologically unfit for the position of police officer based on Dr. Rosenberg's assessment. *See Terry v. Town of Morristown*, 446 F.App'x 457, 462 (3d Cir. 2011).[9] This is a condition of employment.

---

[9] In a factual similar case, our Court of Appeals affirmed the entry of summary judgment for the defendant Town of Morristown and its Police Chief. *Terry*, 446 F.App'x at 462. There, the plaintiff applied for a position as police officer and given a conditional offer of employment subject to the successful completion of physical and psychological examinations. The psychological examination found Terry psychologically unfit for duty as a police officer, and he was not hired for the position. Terry brought a claim under the ADA and RA, alleging the Town "regarded" him as disabled based on the psychological examination. Although there was an issue involving Terry's theory of disability – his initial "regarded as" claim and a later asserted disability based on Attention Deficit Disorder – the Court of Appeals concluded:

### *Cook is not "qualified" for the position of police officer*

The second prong of the *prima facie* case requires a showing the individual is "qualified" for the position. Under the ADA, the term "qualified individual" is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §12111(8).[10]

The burden is on the plaintiff to show that he is a "qualified individual." *Buskirk v. Apollo Metals*, 307 F.3d 160, 168 (3d Cir. 2002). Our Court of Appeals applies a two-part test when determining whether one is a "qualified individual." 29 C.F.R. §1630.2(m).[11] A court must first consider whether " 'the individual satisfies the prerequisites for the position, such as

---

> Even assuming that Terry does qualify as disabled under the ADA, there is no evidence that his diagnosis of ADD was factored in any way into the Town's decision to deny Terry the position. Quite to the contrary, the evidence supports a conclusion that the Town believed Terry was not qualified for the position as a result of the findings regarding his aggressive behavior, inability to follow orders, and difficulty interacting with the community.

*Id.*

[10] Section 12111(8) provides in full:

> The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.

42 U.S.C.A. § 12111(8).

[11] The supporting regulations instruct:

> The term "qualified," with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position.

29 C.F.R. § 1630.2(m).

possessing the appropriate educational background, employment experience, skills, licenses, etc.'" *Gaul v. Lucent Tech., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). The court will then consider "whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation." *Id.* "The determination of whether an individual with a disability is qualified is made at the time of the employment decision." *Id.* (citing regulations at 29 C.F.R. pt. 1630.) The City argues Cook fails to meet the second prong of his *prima facie* case because he is not qualified, under Pennsylvania guidelines, to be a police officer. The City asserts Cook, like all applicants for the position of police officer in Pennsylvania, must be examined by a psychologist and "found to be psychologically capable to exercise appropriate judgment or restraint in performing the duties of a police officer." 37 Pa. Code §203.11(7). Cook is not qualified for the position of police officer because Dr. Rosenberg did not find Cook psychologically capable for the position. There is no evidence of animus.

Cook argues he is qualified for the position because he passed "the other requisite qualifying tests, including the background investigation, the physical exam, the medical test, and the polygraph" before the psychological evaluation, and because he is "MPOETC certified." (PSUF ¶ ¶ 32-34.) For the same reasons articulated in the "disability" element, Cook argues Dr. Rosenberg's finding is discriminatory, and absent the "discriminatory finding," a jury could find him qualified to be a police officer. (Cook opposition at 8, ECF Doc. No. 26-1.)

The problem, however, is there is no evidence Dr. Rosenberg's evaluation is anything other than an assessment he is not psychologically capable of being a police officer. Cook has the burden of establishing a *prima facie* case which includes a showing he is qualified. *See Perdick v. City of Allentown*, No. 12-6302, 2014 WL 772572, *3 (E.D. Pa. Feb. 26, 2014). Cook failed to do so.

### C. Even if Cook met his burden to establish a *prima facie* case, he cannot show pretext.

Even assuming Cook established a *prima facie* case, he failed to address the City's proffered justification for withdrawing its conditional offer or show the justification is a pretext for disability discrimination. Summary judgment for the City is warranted on this alternative ground.

The burden of production under *McDonnell Douglas* shifts to Cook to proffer evidence, direct or circumstantial, from which a factfinder could reasonably either: "(1) disbelieve [the City's] articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [the City's] action." *Diaz v. City of Phila.,* 565 F.App'x 102, 107 (3d Cir. 2014) (citing *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994)). There is no evidence to disbelieve the City's articulated legitimate reason or to believe an "invidious discriminatory reason was more likely than not" a motiving or determinative cause of the City's decision to withdraw its conditional offer of employment as a police officer. Cook failed to demonstrate evidence of pretext.

Although cloaked in a claim of discrimination, we find the true nature of Cook's claim a dispute with Dr. Rosenberg's findings. Absent any evidence of discriminatory animus, we will not step in and second guess the City's assessment, based on the evaluation of a psychologist, of the mental fitness for duty of a candidate for police officer.[12]

---

[12] As another of our learned court observed:

> [W]e are satisfied that when dealing with the unique situation of police officers and issues related to their mental health it would be ill-advised to second-guess the personnel decisions of a police department when it is deciding how it can use a police officer who suffers from mental health problems. The police department, not a jury, is uniquely qualified to make such sensitive decisions.

12

---

*Diaz v. City of Phila.*, No. 11-671, 2012 WL 1657866, *13 (E.D. Pa. May 10, 2012).  Although the *Diaz* case involved ADA discrimination and failure to accommodate claims of a police officer found to be disabled from various mental health issues, and the court's observation was made in the context of who should decide a "reasonable accommodation," we find the observation appropriate in the context of the City's decisions with regard to its police force.